BROWN (DENNY v.). See Case No. 3,805.
BROWN (DEVOLL v.). See Case No. 3,846.

## Case No. 2,002.

BROWN v. The D. S. CAGE et al.

[1 Woods, 401.][1]

Circuit Court, E. D. Texas. Dec. Term, 1872.

SEAMEN—NEGLIGENCE OF VESSEL'S OFFICERS—INJURY IN THE SHIP'S SERVICE—REMEDIES.

1. It is the duty of the owners of a steamboat or other vessel to employ competent and skillful officers and mariners so far as this can be done by the use of ordinary care. A failure in this respect, which results in the injury of one of the mariners, makes the steamboat and her owners liable.

[See Malone v. Western Transp. Co., Case No. 8,996; Halverson v. Nisen, Id. 5,970; The City of Alexandria, 17 Fed. 396; The Governor Ames, 55 Fed. 327.]

2. The forty-third section of the act approved February 28, 1871 (16 Stat. 453), which gives any person sustaining loss or injury through the carelessness, negligence or willful misconduct of any of the officers of a vessel, or their refusal or neglect to obey the provisions of law, a remedy against such officers, does not preclude a mariner from proceeding against the vessel for damage suffered by himself in consequence of such neglect or misconduct.

3. The cost of the recovery of a mariner injured while in the service of the ship is a charge against the ship, and may be recovered in a proceeding in rem, and if he is injured through the neglect or misconduct of the owners or officers of the vessel, he will be allowed damages in the nature of additional wages to be recovered in the same manner.

[Cited in The Guiding Star, 1 Fed. 349; The Clatsop Chief, 8 Fed. 768; The City of Alexandria, 17 Fed. 397; The Lizzie Frank, 31 Fed. 481.]

[See Brown v. The Bradish Johnson, Case No. 1,992, note.]

Appeal from the district court of the United States for the eastern district of Texas.

[In admiralty. Libel by Brown against the steamboat D. S. Cage to recover for injuries sustained by a boiler explosion. The respondents excepted to the libel in the district court on the ground that libellant could not proceed in rem, and the libel was dismissed. Exceptions overruled.]

F. M. Spencer and W. H. Stewart, for libellant.

George Mason and R. T. Wheeler, for claimant.

WOODS, Circuit Judge. The libel alleges in substance that on February 18, 1872, the libellant shipped on board the steamer D. S. Cage, then lying at the mouth of Trinity river, to serve as a mariner, in the capacity of mate; that the owners of said boat failed to observe their duty and comply with the law by keeping the steamer properly manned, and through their negligence and that of their servants failed to provide her with a first engineer and licensed pilot,

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

whereby she was subject to the danger of explosion, and that through the carelessness, negligence and misconduct of the owners and their agents and servants, said steamer on the 20th of February, 1872, and during the voyage for which libellant had shipped, and while he was on board, exploded her boiler, breaking the arm and several of the ribs of libellant, whereby he was disabled for two months and prevented during that time from attending to his business and affairs, and was compelled to expend one hundred dollars for doctor's bills and sixty dollars for subsistence, in and about and during his recovery. He alleges that his time is worth $100 per month; and that by means of his said hurts, he has suffered great pain, and his health and strength have been greatly injured and will probably never be restored, and his capacity to earn wages is thereby greatly impaired. He says he has sustained damages, by reason of the premises, to the amount of fourteen hundred dollars.

Exceptions were filed to the libel in the district court which were sustained and the libel dismissed, and from the decree of dismissal the cause has been appealed to this court. The exceptions now relied on are the fifth and sixth, which are in effect the same and are in substance that the libel does not set out any cause of action against the steamer. To sustain this exception the claimant advances these propositions: 1. That the master is not liable to his servant for the negligence of his fellow servant while engaged in the same common employment. In support of this principle a large number of authorities collected in Shearman & Redfield on Negligence (sections 109, 110) are cited.

It needs but brief consideration to see that this principle is not applicable to this case. The averments of the libel charge negligence on the owners of the steamer as well as the master in not providing officers suitable for running her with safety. The case is not therefore one of negligence of a fellow servant simply, but negligence and misconduct of the common employee is also charged. A master is liable to his servant as much as to any one else for his own negligence. Farwell v. Boston & W. R. Co., 4 Metc. [Mass.] 49; Young v. New York Cent. R. Co., 30 Barb. 229; Morgan v. Vale of Neath Ry. Co., L. R. 1 Q. B. 149; Mad River R. Co. v. Barber, 5 Ohio St. 541. And if the personal fault of the master proximately contributes to the servant's injury, it is no defense for him that the negligence of a fellow servant (for which he is not responsible) also contributed to bring about the injury. Ashworth v. Stanwix, 107 E. C. L. 700. It is the duty of the master and owners to employ, so far as they can do so with the use of ordinary care, servants of sufficient care and skill, to make it probable that they will not cause injury to each other,

by the lack of those qualities. Shear. & R. Neg. § 90. This, it is averred in the libel, the owners of the steamer did not do. We think that this averment, by including the owners of the boat in its terms, clearly takes the case out of the rule of law cited by claimant.

2. The claimant, in support of his exception, next relies upon section 43 of the act of congress, approved February 28, 1871, entitled "An act to provide for the better security of life on board of vessels propelled in whole or in part by steam, and for other purposes." 16 Stat. 453. This section provides that the master and owner of any vessel, or either of them, and the vessel itself, shall be liable to any passenger for any damage sustained by him or his baggage from explosion, fire, collision, or other cause, if it happens through any failure or neglect to comply with the provisions of the law. And any person sustaining loss or injury through the carelessness, negligence or willful misconduct of any captain, mate, engineer or pilot, or his neglect or refusal to obey the provisions of the law, may recover damages for such loss or injury from the captain, mate, engineer or pilot causing such loss or injury. Claimant seeks to draw the inference from this section, that a mariner on a vessel is precluded from a suit against the vessel for any injury done him, because an action against the vessel is given to passengers only for damage from fire, explosion, collision or other cause arising from neglect or failure to comply with the law, and that he is remitted by the last clause of the section to an action against the captain, mate or other officer who caused such injury. I think this inference is unwarranted. The provisions of the act in question are cumulative, and are not intended to interfere with the rights of sailors under the maritime law, or to deprive them of remedies given them by that law.

But I think it is clear that this libel is good for a part, at least, of the amount claimed. "There is, by the general law merchant, an obligation upon every ship owner or master to provide for a seaman who becomes sick or wounded or maimed in the discharge of his duty, whether at home or abroad, at sea or on land—if it be not by his own fault—suitable care, medicines and medical treatment, including nursing, diet and lodging." Laws of Oleron, arts. 6, 7; Laws of Wisburg, art. 19; Laws of the Hanse Towns, art. 39; Harden v. Gordon [Case No. 6,047]; The Forest [Id. 4,936]; The George [Id. 5,329]. Applying this principle, it seems to me clear that the libellant is entitled to a part at least of the claim which he makes, namely, for the expense of his recovery, and when his injury arose from the misconduct of the officers of the vessel, that he would at least be entitled to wages during his recovery.

The only question which it appears to me

can be made is, whether he can sue in rem, or is compelled to proceed against the master and owners. The authorities all sustain the proposition that the cost of the recovery of the seaman is a charge against the ship. Mr. Justice Story, in Harden v. Gordon [supra], declares that "the positive ordinances of the principal maritime nations make these expenses a charge upon the ship." And Judge Ware, in The William Harris [Case No. 17,695], says: "There is not a single principle of maritime law more generally recognized by the usages of all commercial nations than this, that the expenses of the sickness of any of the crew shall be borne by the vessel." If this be the maritime law, it follows that the seaman may have his remedy in a suit against the ship. That the wages of a seaman may be recovered in a proceeding in rem, no one questions. This is the maritime law, and is expressly provided in the 13th admiralty rule. The expenses of the care of a seaman are considered as in the nature of wages. In Harden v. Gordon, supra, Mr. Justice Story says: "The expense of the seaman's care is in the nature of additional wages during the period of sickness. It stands upon the same analogy as the compensation allowed by our laws in cases of short allowance of provisions and water, where it is expressly provided that the amount shall be recoverable in the same manner as wages." Act July 20, 1790, § 9 (1 Stat. 135). So in The Madonna D'Idra, 1 Dod. 37, where a claim was made on behalf of Greek sailors for subsistence after their discharge from the ship, as well as for antecedent wages, the court did not hesitate to decree it. "It is," said the learned judge on that occasion, "wages paid in another form; it is part of the compensation for their labor, and according to the law of the country to which these men belonged, subsistence in the intermediate time must be presumed to form part of the contract for the payment of wages." In what respect does subsistence in case of a discharge differ from additional subsistence in case of sickness? To use the language of the court it is "but wages in another form;" additional wages to meet additional expenses, and constituting, if the maritime law and usage uphold the claim, a part of the contract.

I am therefore of the opinion that the expenses of recovery, being in the nature of wages, may be sued for in rem. I am strengthened in this view by the fact that in the Louisiana district it is the practice unquestioned to bring actions in rem for the expenses of the cure of seamen. But what relieves this case of all doubts is the fact that a part of the claim set up in the libel is the claim for wages during the time of libellant's convalescence. This brings the case directly within the 13th admiralty rule, and authorizes this proceeding in rem. I am of opinion, therefore, that this suit is

properly brought in rem. and that the exceptions must be overruled.

Decree accordingly.