## FOURTH DEPARTMENT, OCTOBER, 1936.
### (October 7, 1936.)

EDWARD DUSCHNIK, by JOSEPHINE DUSCHNIK, His Guardian ad Litem, Appellant, v. DECO RESTAURANTS, INCORPORATED, Respondent.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: We are of the opinion in this case that questions of fact were presented which should have been submitted to the jury. A fundamental question relates to the character of the plaintiff's presence at the plant when the accident took place, that is, as to whether he was an invitee or a trespasser. There is evidence from which the jury might find that Learner was in charge of the plant and had incidental authority to invite plaintiff to do what he was doing, and that Learner did, at least impliedly, invite him. Further questions of fact, if the plaintiff is found to have been an invitee, relate to the negligence of the defendant and the contributory negligence of the plaintiff. All concur, except Edgcomb and Thompson, JJ., who dissent and vote for affirmance. (The judgment dismisses the complaint in an action for personal injuries sustained by hand becoming caught in a meat grinder.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

GENEVA PRODUCTION CREDIT ASSOCIATION, Appellant, v. C. S. MEAD & Co., INC., Respondent.— Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event. Memorandum: We find in the complaint allegations which afford a proper basis for proof by plaintiff mortgagee that defendant converted the mortgaged crop at a time when, under the acceleration clause of the mortgage, plaintiff had a right to the possession thereof and, by protest and demand, had asserted such right. The infringement of a right to possession may constitute conversion. (*Pierpoint* v. *Hoyt*, 260 N. Y. 26, 29.) All concur. (The judgment dismisses the complaint on a motion in an action for damages for conversion.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

RICHARD GRAY, an Infant, by FREDERICK GRAY, His Guardian ad Litem, Respondent, v. DANAHY-FAXON STORES, INC., a Corporation, and Another, Appellants.— Judgment and order affirmed, with costs. All concur. (The judgment awards damages for personal injuries caused by an automobile collision. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

JOSEPH CANNELLA, Appellant, v. THE CARBORUNDUM COMPANY, Respondent.— Judgment affirmed, with costs. All concur. (The judgment was entered upon an order dismissing the complaint in an action for personal injuries, namely, contracting silicosis.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

KAZIER SZETIGA, Appellant, v. THE CARBORUNDUM COMPANY, Respondent— Judgment affirmed, with costs. All concur. (The judgment was entered upon an order dismissing the complaint in an action for personal injuries, namely, contracting silicosis.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

GUISEPPI TRIPI, Appellant, v. THE CARBORUNDUM COMPANY, Respondent.— Judgment affirmed, with costs. All concur. (The judgment was entered upon an order dismissing the complaint in an action for personal injuries, namely,