BENJAMIN HOCHMAN, Appellant, v. HARRY ARONOWITZ, Individually and as Executor, etc., of GEORGE ARONOWITZ, Deceased, RICHARD MENZEL and WILLIAM HASBROUCK and HYMAN BELMONT, Copartners, Trading under the Firm Name of HASBROUCK & BELMONT, Respondents.— Plaintiff-appellant was injured by being struck on the head by a brick dropped by the defendant Menzel from a

chimney which he was demolishing on the premises of the defendant Aronowitz who was engaged in repairing and constructing an addition to a building. Defendants Hasbrouck and Belmont were independent contractors to perform the labor of constructing concrete forms, pouring concrete and doing carpenter work. Plaintiff had worked for the last-mentioned firm two days earlier in the week of the Saturday on which he was injured. He says that Hasbrouck invited him to come to the work Saturday morning to ascertain if there was a job for him, and in any event to receive his pay for the earlier work. There was no evidence to connect Hasbrouck and Belmont with plaintiff's injury, and the complaint as to them was properly dismissed. There was evidence from which a jury could have found that Menzel was the employee of the owner Aronowitz, and thus if Menzel was negligent, Aronowitz was liable. It was error to dismiss the complaint as against Aronowitz, at the close of the plaintiff's case, but as his liability arose only if Menzel was negligent and the jury having returned a verdict of no cause as against Menzel, the erroneous ruling may be harmless unless it be determined that there was error requiring reversal and a new trial as against Menzel. There was an issue of fact as to whether plaintiff had been asked by Hasbrouck to come to the premises, thus whether he was an invitee, a licensee or a trespasser. The charge when considered in connection with the requests did not clearly outline to the jury the issues or the distinction in the law as to the rule of conduct toward an invitee and a trespasser. The judgment in favor of the defendant Aronowitz and against the plaintiff, and the judgment in favor of the defendant Menzel, and against the plaintiff, are reversed, on the law and facts, with one bill of costs to the plaintiff to be paid equally by the defendants, and a new trial granted. The judgment in favor of the defendants Hasbrouck and Belmont and against the plaintiff is affirmed, without costs. Hill, P. J., Rhodes and Heffernan, JJ., concur in reversing the judgments in favor of the defendants Aronowitz and Menzel; Hill, P. J., McNamee, Bliss and Heffernan, JJ., concur in affirming the judgment in favor of Hasbrouck and Belmont; Rhodes, J., dissents therefrom on the ground that plaintiff had been expressly invited on the premises by Hasbrouck and Belmont, and it was their duty to use reasonable care to warn or safeguard him of any dangers not open and obvious. (See cases cited in the dissenting opinion in *Pliss* v. *Erie R. R. Co.*, 207 App. Div. 46; revd., 238 N. Y. 595; *Galvin* v. *New York*, 112 id. 223; *Indermaur* v. *Dames*, L. R. 1 C. P. 274; 19 Eng. Ruling Cases; *Young* v. *N. Y. C. R. R. Co.*, 30 Barb. 229; *Froehlich* v. *Interborough Rapid Transit Co.*, 120 App. Div. 474; *Conrad* v. *N. Y. C. & H. R. R. R. Co.*, 137 id. 372; affd., 201 N. Y. 514; *O'Leary* v. *Erie R. R. Co.*, 169 id. 289; *Parsan* v. *Johnson*, 208 id. 337; *Thomas* v. *Solvay Process Co.*, 216 id. 265.) McNamee and Bliss, JJ., dissent as to the reversal of the judgments in favor of the respondents Aronowitz and Menzel, and vote to affirm the judgments and orders, on the grounds that the plaintiff-appellant was not an invitee of the owner Aronowitz, or of any one representing him; that the trial judge submitted to the jury the question whether the appellant was an invitee, licensee or trespasser, without objection on the part of the appellant, and that question was passed on in the verdict; and appellant made no requests that were not granted, and interposed no exceptions to the charge.