CECELIA A. MEYER, Plaintiff, v. DONALD G. MANZER et al., Individually and as Copartners Doing Business under the Name of MANZER AND STOCCO, Defendants.

Supreme Court, Oneida County, January 13, 1943.

*Arthur J. Foley* for plaintiff.

*Edward J. Burns, Jr.,* and *Willis D. Morgan* for defendants.

SEARL, J.   The ground urged by plaintiff on her motion for a new trial is that the court erred in submitting to the jury the question as to whether plaintiff was, at the time of the accident, a licensee or an invitee on defendants' premises, and that, as a matter of law, the plaintiff was shown to have been an invitee.

Defendants maintained a parking lot and gasoline station facing Elizabeth street, in the city of Utica.   The gas station proper was on the north side of the lot, close to and facing the highway.   Both east and west of the gas station were driveways or entrances to the parking lot.   These driveways were on an

ascending grade from the highway southerly toward the parking lot.

Plaintiff's husband testified that, in company with his wife as a passenger, he drove his automobile in front of the gasoline station, procured gasoline, and paid fifteen cents to one of the defendants, Manzer, for the storage of his car; that he then drove back into the parking lot by way of the easterly entrance and parked his car in the presence of the other defendant, Stocco. In leaving the car, plaintiff's wife testified that she stepped on rough ice covered with snow, slipped, and sustained a fracture of the shoulder.

The court submitted to the jury, as a question of fact, whether plaintiff was at the time she fell an "invitee," or a "licensee."

Plaintiff bases her application for a new trial on the ground that the court committed error in not holding, as a matter of law, that plaintiff was an invitee.

Defendant Manzer testified that plaintiff's husband neither purchased gasoline nor paid a parking charge, as plaintiff's husband claimed. Manzer testified that he never saw plaintiff or her husband on the day of the accident until plaintiff's husband returned to obtain his car, some time after the accident.

The other defendant, Stocco, testified that he saw the plaintiff and her husband enter the parking lot, that plaintiff's husband inquired as to whether it would be all right to park in a particular space, and was told that it was. It is undisputed that no fee was paid to this defendant.

Defendants claim that the parking-lot business was conducted on a cash basis, that no money was paid nor credit extended or contemplated, and that in leaving the car in the lot plaintiff's husband was a mere licensee.

Generally speaking, the words mean what they indicate. An invitee is one who has been invited to come upon the land by the owner or other person in possession. A licensee is one who enters without invitation, but with the permission, express or implied, of the owner or person in possession. (3 Warren on Negligence, p. 52.)

The wife assumes the same relationship as her husband, either invitee or licensee. (*Davis* v. *Ferris,* 29 App. Div. 623.)

Plaintiff's counsel argues that defendant Stocco, as plaintiff's husband left his car, was content to waive the question of payment for the time being and was probably entirely satisfied either to waive payment or trust Mr. Meyer to take care of that item at the latter's convenience or pleasure, Mr. Meyer being an old patron.

The difficulty is that there was no evidence to the effect that plaintiff's husband ever had any account for gasoline or parking with defendants. Plaintiff's husband does not claim he intended to pay after parking. He says that he actually paid before he parked.

A question of fact was presented as to whether plaintiff's husband was an invitee or licensee. He testified positively that he paid defendant Manzer a cash parking fee, and Manzer, in turn, absolutely denied this. The theory on which plaintiff's case was tried was that of cash payment, not credit. If defendants' contention is correct, that Meyer placed his car on defendants' lot without paying the usual fee, it would be a situation comparable to a man's riding on a railroad train without paying his fare.

The rule is not overlooked that where a person entering business property is there for the definite purpose and intention to buy if he sees an article that appeals to his fancy, or is in some way there in connection with the business, such person is to be deemed an invitee, whether he buys or not.

In the instant case, defendants claimed Meyer was there for the purpose of obtaining a " free park." Meyer may have thought that because he purchased gasoline he was entitled to leave his car there for a space of time, but the parking rates were fifteen cents, and no custom of free privileges to gasoline purchasers appears in the evidence.

True, customers were expected to use the place where plaintiff was walking, but defendants deny that plaintiff was a customer in the parking lot.

Although the instant question has not been squarely passed upon by the courts of New York, yet, we find some reflection of the attitude of our courts in *Warner* v. *Lucey* (207 App. Div. 241; 238 N. Y. 638) to the effect: " The garage was intended by the lessors and tenants for public patronage, to be used by any one who applied *and paid* for the storage of his car * * *." (207 App. Div. 243.) (Italics supplied.)

In *Duschnik* v. *Deco Restaurants, Inc.,* 248 App. Div. 940 (Fourth Dept.), the question arose as to whether the plaintiff was an invitee, a licensee, or trespasser. It was held properly a question of fact for the jury. (Also *Hochman* v. *Aronowitz,* 251 App. Div. 914.)

A case somewhat in point is *Tierney* v. *Graves Motor Co.* (185 Minn. 114.) His car being stalled, plaintiff entered a nearby service station and was injured in tripping over an entrance way. The court held that the status of the plaintiff was a question for the jury.

In the instant case, had the court held, as a matter of law, that plaintiff was either an invitee or a licensee, upon disputed claims of the respective parties, the court would have deprived one side or the other of having the facts determined by the jury.

No error was committed in submitting the question as one of fact. Plaintiff's motion for a new trial is denied.