J oseph A. Suozzi, J.
In this action tried by the court without a jury on an agreed statement of facts, plaintiff sues the two principal officers and majority stockholders of Bressner Color-vision Corp., a retailer of appliances, for $13,000, alleging conversion of the proceeds of sale of inventory financed under a security agreement dated March 13, 1972 and tortious interference with the contract. By the aforesaid agreement plaintiff financed the acquisition of inventory by the corporation, and the agreement created a secured interest in the inventory and the proceeds thereof in favor of the plaintiff. This interest was perfected when the plaintiff filed Uniform Commercial Code financing statements in Kings County and Albany, covering both the inventory and proceeds. (See Uniform Commercial Code, § 9-306, subd. [3], par. [a].)
The corporate retailer was required by the security agreement to hold the inventory in trust for the account of the plaintiff, but was permitted to sell the inventory in the normal course of business. The purchaser would then take free of the plaintiff’s security interest, and the plaintiff would have a continuously *715 perfected security interest in the proceeds. (4 Anderson, Uniform Commercial Code, 2d ed., •§ 9-306:4.)
The inventory was sold and the proceeds received by the corporate retailer, but not paid to the plaintiff. Subsequently the proceeds, commingled with general corporate funds, were expended by the defendants, acting as corporate officers, for general corporate purposes. Admittedly, there was no requirement that the proceeds be segregated. However, there was a requirement that the proceeds be paid to the plaintiff when due.
The plaintiff has remedies against the now bankrupt corporate retailer, e.g., see subdivision (4) of section 9-306 of the Uniform Commercial Code. However, the plaintiff here seeks to impose common-law liability for misapplication of the proceeds upon the corporate officers, individually. Such liability depends on entitlement, and on failure to surrender possession. Article 9 of the Uniform Commercial Code determines entitlement— the failure to surrender is conceded. “ Trust “ lien ” and 1 ‘ fiduciary ’ ’ theories are merely different labels for this right to possession. The Uniform Commercial Code avoids such approaches and, instead, delineates rights and remedies of possession. (See Uniform Commercial Code, § 9-101, Official Code Comment.)
The plaintiff’s secured interest in the proceeds conferred by section 9-306 (subd. [3], par. [a]) of the Uniform Commercial Code, and the security agreement, and the corporate retailer’s default in payment, give the plaintiff the right to possession of the proceeds. (See Uniform Commercial Code, § 9-502, subd. [1] and cf. Uniform Commercial Code, § 9-306, subd. [5].) The lack of a requirement that proceeds be segregated is not at all determinative of the right to possession. Creditors require segregation of proceeds to avoid having to “ trace ” proceeds they are entitled to possess, in the event of a debtor’s insolvency. (See Uniform Commercial Code, § 9-306, subd. [4], par [b].) Had the debtor replaced the collateral with other goods, the creditor would have a secured interest in the replacement items. Clearly such goods would be subject to repossession and sale in the event of a default. (See Uniform Commercial Code, i§ 9-503.) If replacement goods are subject to a right of possession, then the same must be true of the cash proceeds used to purchase the replacement goods.
At the same time, the corporate retailer had a reciprocal obligation to properly apply proceeds in which there is a security interest, .and to which the corporate retailer had no rights whatsoever. Had the collateral been misapplied, the secured creditor *716 would have had the right to repossess or maintain an action for conversion. (Uniform 'Commercial Code, § 9-306, ■ Official Comment 3.) The Uniform Commercial Code replaces the collateral with its proceeds, and the remedies remain the same. (See Uniform Commercial Code, § 9-306, suihd. [4].) Any other result would render the security interest worthless and encourage the misapplication of proceeds.
Corporate officers are personally liable in conversion for misapplication or diversion of proceeds to which another is entitled and to which the corporation was never entitled. (Hinkle Iron Co. v. Kohn, 229 N. Y. 179, 183; 4 Anderson, Uniform Commercial Code, 2d ed., § 9-306:4.)
The corporate officers are not guarantors of corporate debts. However, they may not take for the corporation what does not belong to it. The security interest here, and the trust capacity in Hinkle .(supra) prevented the corporation from asserting any rights to the proceeds when paid, and, of course, from using the proceeds. By participating in the misapplication, with knowledge of the plaintiff’s security interest, the defendants rendered themselves liable to the plaintiff for the amount converted. (Hinkle Iron Co. v. Kohn, supra, and Anderson, supra.)
Accordingly, judgment is granted against Joseph Bressner and Bernard Artz in the amount of $13,000, with interest from July 27, 1972. The Clerk is directed to enter judgment in favor of the plaintiff, Independence Discount Corporation, against the defendants, Joseph Bressner and Bernard Artz, in the amount of $13,000, with interest from July 27, 1972 together with costs and disbursements of this action.