Robert J. Sise, J.
This is a motion brought by plaintiff seeking an order granting summary judgment pursuant to *772 CPLR 3212. The facts upon which the decision is based are not disputed.
On July 23, 1974, Dennis and Lucy Brady executed and delivered to plaintiff an installment note whereby Mr. and Mrs. Brady promised to pay the sum of $1,609.20 to plaintiff in 36 monthly installments, commencing August 25, 1974. Lucy Brady also executed, as security for the note, a security agreement covering a 1970 Volkswagen which she owned. Under the terms of this agreement the destruction of the collateral would constitute a default which accelerates plaintiff’s right to declare the note due and payable. In order to perfect its secured interest, plaintiff filed a financing statement in the Orange County Clerk’s office pursuant to section 9-401 of the Uniform Commercial Code. At the time the loan was made, plaintiff did not require proof of insurance on the afore-mentioned vehicle and did not independently insure its interest. However, attached to the affidavit of plaintiff’s vice-president is a letter dated August 15, 1974, to Mrs. Brady asking her to forward to plaintiff a collision policy with a loss payable clause in its favor. Mrs. Brady never complied with this request.
On August 9, 1974, Mr. Brady applied to defendant for insurance coverage on the Volkswagen and completed a questionnaire without including any information with respect to the vehicle’s financing.
On January 18, 1975, the insured vehicle was involved in an accident and was totally destroyed. Mr. Brady reported the accident to defendant on January 20, 1975, and completed a questionnaire in which he indicated there was no loss payee. Defendant, on February 5, 1975, paid $1,400 to Mrs. Brady in satisfaction of her claim. She in turn delivered the vehicle’s registration to defendant.
Under subdivision (2) of section 9-306 of the Uniform Commercial Code, a security interest continues in any identifiable proceeds of the collateral covered by the security agreement. Therefore, the issues to be decided by the court are: (1) whether insurance proceeds constitute proceeds of collateral within the meaning of section 9-306 of the Uniform Commercial Code; and (2) should that issue be decided affirmatively, whether defendant is liable in conversion for paying those proceeds without satisfying plaintiff’s lien.
Subdivision (1) of section 9-306 of the Uniform Commercial Code provides in pertinent part as follows: "(1) 'Proceeds’ *773 includes whatever is received when collateral or proceeds is sold, exchanged, collected or otherwise disposed of.” In PPG Ind. v Hartford Fire Ins. Co. (531 F2d 58), the United States Court of Appeals, Second Circuit, concluded that where it was the clear intention of the parties to the security agreement to give the secured party the benefit of the insurance proceeds, subdivision (1) of section 9-306 of the Uniform Commercial Code should be construed to include such proceeds (p 61). This construction was held to apply despite the absence of a loss-payee clause.
The intention of the parties to the subject agreement is reflected in paragraph three of the contract signed by Mrs. Brady. This paragraph provides, inter alla, that the debtor "will keep the collateral insured by responsible companies against loss by theft and fire and against such other perils as is usually carried by owners of similar properties”.
No New York decision concerning the treatment of insurance proceeds under article 9 has been discovered by the court. However, the rationale supporting the conclusion reached by the United States Court of Appeals (supra), is compelling. This court agrees that a finding in which the insurance proceeds payable by reason of loss or damage to the collateral is deemed to be proceeds of collateral, is consistent with the original intention underlying section 9-306 of the Uniform Commercial Code. The purpose of that statute is to "state a secured party’s right to the proceeds received by a debtor on disposition of collateral”. (Uniform Commercial Code, § 9-306, Official Comment 1.) A narrow construction of the term "proceeds,” excluding insurance payments, would abrogate that right with respect to a significant number of dispositions of collateral. An insured must surrender a vehicle’s registration to the insurer prior to receiving the insurance proceeds. Therefore, it is logical to equate this transaction with other means of disposition clearly covered by section 9-306. The remedies provided by the Uniform Commercial Code should be "liberally administered to the end that an aggrieved party may be put in as good a position as if the other party had fully performed” (Uniform Commercial Code, § 1-106, subd [1]). The above interpretation of the term "proceeds” reflects a liberal administration of remedies afforded secured creditors under article 9.
Since it has been determined that the payments made by defendant under its policy with Mrs. Brady constitute pro *774 ceeds of collateral, the court must next decide whether defendant is liable for conversion under the facts as outlined above. "[W]hen a debtor makes an unauthorized disposition of collateral, the security interest, under prior law and under [article 9], continues in the original collateral in the hands of the purchaser or other transferee. That is to say, since the transferee takes subject to the security interest, the secured party may repossess the collateral from him or in an appropriate case maintain an action for conversion” (Uniform Commercial Code § 9-306, Official Comment 3). The action at bar is such an appropriate case.
Where a defendant has an obligation to return or otherwise treat an amount of money in a particular manner and fails to do so, he is liable for conversion (10 NY Jur, Conversion, § 13). In order to establish a cause of action for conversion, a plaintiff must show: (1) legal ownership or an immediate superior right of possession; and (2) the exercise by defendant of unauthorized dominion over the amount in question, to the exclusion of the plaintiff’s rights (AMF v Algo Distrs., 48 AD2d 352). The plaintiff’s secured interest in the proceeds conferred by section 9-306 of the Uniform Commercial Code, the security agreement and the debtor’s default, gave plaintiff the right to possession of the proceeds (Independent Discount Corp. v Bressner, 77 Misc 2d 714, revd on other grounds 47 AD2d 756). By paying the insurance proceeds to Mrs. Brady at a time when" it had constructive notice of plaintiff’s security interest, defendant exercised unauthorized dominion over those proceeds to the exclusion of plaintiff’s rights. Such an unauthorized transfer constitutes conversion (see Geneva Prod. Credit Assn. v Mead & Co., 248 App Div 940; Pierpont v Hoyt, 260 NY 26).
Defendant contends that this result will impose a duty upon an insurer "to search the records prior to a settlement”. However, a contrary ruling would render plaintiff’s compliance with the filing requirements of article 9 valueless. The function of these requirements is to put third parties on notice of the secured creditor’s claim (White and Summers, Uniform Commercial Code, § 23-3). Defendant is in no worse position than any other transferee who receives chattel in which a valid security interest has been perfected. Defendant cannot qualify as a buyer in the ordinary course of business and, therefore, is not entitled to the protection afforded by section 9-307. Furthermore, the court notes parenthetically, that un *775 der the Uniform Motor Vehicle Certificate of Title and Anti-Theft Act (Vehicle and Traffic Law, art 46), effective July 1, 1972, every owner of a vehicle manufactured subsequent to July 1, 1972, must obtain a certificate of title (Vehicle and Traffic Law, §§ 2Í02, 2104). This certificate must contain the names of lienholders and must be delivered to the transferee at the time of transfer (Vehicle and Traffic Law, §§2108, 2113). The implementation of this act will give a transferee such as defendant both actual and constructive notice of a security interest and thereby eliminate the necessity to "search the record” prior to satisfying a claim.
Based upon the foregoing, plaintiff’s motion is granted to the extent that it is entitled to judgment in the amount of the indebtedness left unpaid at the time defendant transferred the proceeds of the collateral to Mrs. Brady (Uniform Commercial Code, § 9-502, subd [2]).