Everett SATTERFIELD, Appellant
(Defendant below),

v.

SUNNY DAY RESOURCES, INC., a cor-
poration, Appellee (Plaintiff below).

No. 4875.

Supreme Court of Wyoming.

July 25, 1978.

Rehearing Denied Aug. 28, 1978.

George A. Clarke, Lusk, and Tedd C. Huston, Broken Bow, Neb., signed the brief, and Clarke and Huston appeared in oral argument on behalf of appellant.

Donald B. Hansen, of Jones, Dumbrill & Hansen, Newcastle, signed the brief, and Hansen appeared in oral argument on behalf of appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice, delivered the opinion of the court.

By this appellate proceeding, defendant-appellant challenges the judgment of the district court awarding to plaintiff-appellee a substantial money judgment ($66,753.46) based on an alleged conversion by appellant of oil field equipment. In support of his position, appellant raises four issues which involve questions concerning:

1. Abuse of discretion by the district court in its order of partial default judgment;
2. Failure of proof of all necessary elements of conversion;
3. Valuation testimony accepted by the district court;
4. Property and/or security interest of appellant in property converted.

We shall affirm.

Our factual background by way of introduction need only be brief. On or about October 9, 1974, defendant sold to one C. B. Simmons various items of oil field equipment which, at that moment, were located at one Kennedy's storage yard in Newcastle, Wyoming. Before plaintiff could take any appropriate action, part of the stored equipment was removed from the yard at the direction of the purchaser. The equipment removed is the subject of this lawsuit and appeal. Other facts will be set out as required.

On July 7, 1976, plaintiff filed notice for the taking of defendant's deposition on August 2, 1976, the notice certifying that a true copy thereof had been mailed to defendant's attorney. On the date specified, neither defendant nor his attorney appeared. Pursuant to plaintiff's motion for default judgment as allowed by Rule 37(d), W.R.C.P.,[1] the district court entered a partial default judgment in favor of plaintiff limited to the issues of whether or not the defendant had unlawfully sold certain oil field equipment and converted the proceeds therefrom to his own use. The court at that time left to be resolved at trial the issues of legal title at the time of conver-

---

1. Rule 37(d), W.R.C.P., provides in pertinent part:

"If a party * * * fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, * * * the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. * * *"

Rule 37(b)(2)(C) provides in pertinent part: "An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, *or rendering a judgment by default against the disobedient party;*" (Emphasis added.)

sion, as well as market value. Here on appeal, defendant asserts entry of such partial judgment by default was clearly an abuse of discretion. While at first blush the imposed sanction may appear somewhat harsh, it becomes apparent that it was without practical effect since based on the evidence presented at what turned out to be a full trial, as we shall point out, all necessary elements of conversion were fully proven, including those elements purportedly resolved by the default judgment. The judgment of default thus being of no apparent prejudice to defendant, we decline to investigate the allegation of an abuse of discretion. A party seeking reversal must establish that an error was prejudicial. *Pure Gas and Chemical Company v. Cook,* Wyo. 1974, 526 P.2d 986; West's Wyoming Digest Appeal and Error, Some of the evidence was disputed. The standing appellate rule of which we frequently remind counsel prevails: We examine the trial evidence in the light most favorable to the appealing party and resolve all conflicts in his favor. *Gray v. Fitzhugh,* Wyo. 1978, 576 P.2d 88; West's Wyoming Digest Appeal and Error, 

 Conversion is defined as any distinct act of dominion wrongfully executed over one's property in denial of his right or inconsistent therewith. *Western National Bank of Casper v. Harrison,* Wyo. 1978, 577 P.2d 635, 640. In order to recover damages in an action for conversion, a plaintiff's proof must show that:

(a) the plaintiff has a legal title;

(b) actual possession or the right to immediate possession at the time of conversion;

(c) defendant dealt with the property in some wrongful manner within the definition of conversion first stated;

(d) in cases where the defendant lawfully or without fault has come into possession of the property, then, with some exceptions, plaintiff must show that a demand has been made by plaintiff and that defendant has refused to return the property;

(e) value of property converted.

*De Clark v. Bell,* 1901, 10 Wyo. 1, 65 P. 852, 853. See as well, *First National Bank of Highland v. Merchant's Mut. Ins. Co.,* 1977, 89 Misc.2d 771, 392 N.Y.S.2d 836; *Yoder Feed Service v. Allied Pullets, Inc.,* Ind. 1977, 359 N.E.2d 602; *Staub v. Staub,* 1977, 37 Md.App. 141, 376 A.2d 1129. We shall deal with each element individually.

*Legal Title.* Of the numerous items of equipment involved herein, only one, a Parkersburg pumping unit with Fairbank-Morse engine attached, was individually identifiable by a serial number or other distinctive marking, the remaining items, including tubing, casing, and rods and fittings, being of a general nondistinctive nature. We, nevertheless, find as did the district court, that based upon the testimony of plaintiff's office manager, as well as the chain of title established through various receipts and transfer orders entered as exhibits, legal title to all equipment sold and converted by defendant has been fully traced to and proved to rest in plaintiff. Plaintiff, through this evidence presented, accounted fully for the ownership of all equipment involved from the date of its purchase or receipt until its ultimate sale and conversion by defendant in October, 1974. In light of this evidence, it is clear that the first element of conversion, proof of legal title, has been properly met.

 *Actual Possession or Right to Immediate Possession.* As specified in *De Clark* and reiterated in *Champion Ventures, Inc. v. Dunn,* Wyo. 1977, 567 P.2d 724, another case out of this court concerning the alleged conversion of oil well equipment, the plaintiff in a conversion action must prove actual possession, or at a minimum, a right to immediate possession at the time the conversion occurred. While it might well be argued that based upon its legal title plaintiff had constructive "actual" possession, *Hardison v. Jordan,* 1945, 141 Me. 429, 44 A.2d 892, what is more clearly apparent is that because of its legal title and the absence of any contrary outstanding arrangement, plaintiff had the sole right to immediate possession and could have exercised that right by merely paying whatever stor-

age charges might have been due to Kennedy for use of storage space and removing the equipment. Under these circumstances, it is clear that the possession element of an action for conversion has been adequately shown.

■ *Wrongful Act of Dominion.* Without question it should be clear that defendant's sale to Mr. Simmons of the equipment involved, a sale which defendant does not deny, constituted a distinct act of dominion over appellee's property. The question is thus narrowed to whether or not such act was wrongful, i. e., in denial of or inconsistent with plaintiff's rights. We must agree with the district court that such was the case.

The major thrust of defendant's defense at trial urged that he, not the plaintiff, had a better right by title to the equipment involved. Contradicting such an assertion, in addition to the other evidence presented by plaintiff, was the testimony of plaintiff's accountant who testified that on approximately October 7th or 8th, prior to the sale in question, he had talked to defendant and specifically told him that the equipment in storage in Newcastle belonged to the plaintiff. While such a notice of ownership may have been necessary, even without it defendant's action could not be excused; for, in the civil action for conversion, "good faith on the part of the defendant or ignorance of the owner's rights does not avoid the consequences of (the) unauthorized act constituting conversion." *Seay v. Vialpando,* Wyo. 1977, 567 P.2d 285, 289. See as well, *Lindsey v. Security Savings Association,* Tex.Civ.App. 1977, 556 S.W.2d 570, 571. Defendant's sale of the equipment in question thus constituted the physical act of conversion and an exercise of dominion over the property.

■ *Demand and Refusal.* Although as noted previously, *De Clark v. Bell,* supra, to establish conversion sometimes requires proof of a demand by the plaintiff and a refusal to return by the defendant, such proof, even when required, is not the sole alternative possible. *Arnold v. Prange,* Mo. App. 1976, 541 S.W.2d 27, 30. Defendant

never had actual possession, rightfully or wrongfully. Demand and refusal are merely evidential and need not be shown where another independent act of conversion is in evidence. *De Clark v. Bell,* supra; *City Loan Co. v. State Credit Association,* 1971, 5 Wash.App. 560, 490 P.2d 118. In the situation at bar, where defendant did not have possession of the converted equipment, a demand and refusal were not required, the need thereof being obviated by an independent specific act of conversion, i. e., the equipment's sale. Asportation by the defendant himself is not an essential element of conversion. *Western National Bank of Casper v. Harrison,* supra.

■ *Value.* Finally, with relation to the required element of value, both defendant and plaintiff offered testimony through their respective "expert" witnesses to establish the value at the time of conversion of each type of equipment involved. It is not defendant's contention that value has not been established but rather, as his claim reveals, the values found by the district court were incorrect.

Within this alleged error, defendant urges quite simply that the valuation testimony offered by his expert witness on value should have been accepted by the trial court rather than the testimony offered by plaintiff's expert. Defendant founds this assertion on what he believes were his expert's superior qualifications; yet as this court has noted before, the qualifications and knowledge of an expert are matters resting particularly within the discretion of the trial court whose determination is usually final and will not be disturbed except in extreme cases. *Matter of C.M.,* Wyo. 1976, 556 P.2d 514; *Runnion v. Kitts,* Wyo. 1975, 531 P.2d 1307. What defendant in actuality appears to be questioning is the trial court's choice of values between the conflicting ones presented. As we have said before, conflicts in evidence are for the trial court to resolve, and its determination will not be disturbed by this court when supported by substantial evidence. *Alexan-*

der v. Kadolph, Wyo. 1977, 562 P.2d 313. See also, Dickstein v. Williams, Nev. 1977, 571 P.2d 1169. We find no abuse by the trial court in accepting the qualifications of plaintiff's expert witness.

Finally, defendant contends that because of an alleged property interest which he held in the oil field equipment in question, he should not have been found guilty of conversion. The three factors from which he alleges his property interest could be found to arise are: (1) alleged security interests in the equipment in question; (2) defendant's status as a corporate officer; (3) defendant's purchase at a prior sheriff's sale of oil field equipment. We, as did the trial court, can perceive no property interest in defendant.

 Concerning the purported security interests, the evidence and exhibits present in the record on appeal clearly show that although defendant did at one time possibly hold two valid security instruments covering the equipment in question, both mortgages were released by him to plaintiff before the improper sale took place. Further, although at the time of trial defendant had received by transfer from a third party a purported security interest in some of the equipment involved, acquisition of that alleged interest had occurred only five days previously and did not operate retroactively to invest any rights in defendant as of the date of conversion. As for the assertion that because of his position as president of plaintiff corporation he held an interest in the property in question sufficient to preclude his being guilty of conversion, defendant cites no authority in support thereof; thus we will presume none could be found. Matter of Estate of Morgan, Wyo. 1977, 568 P.2d 892, 896. Under such circumstances, where only a perfunctory argument without citation of authority is made in support of a contention, this court need not consider it. Stephenson v. Mitchell, ex rel. Workmen's Compensation Department, Wyo. 1977, 569 P.2d 95; First National Bank of Thermopolis v. Bonham, Wyo. 1977, 559 P.2d 42. We decline to do so here.

 Finally, defendant maintains that on the basis of a sheriff's sale held in Niobrara County, Wyoming, in 1966, he, rather than plaintiff, owned the equipment sold to Mr. Simmons. For support of this assertion, defendant submitted two exhibits, a sheriff's certificate of sale on foreclosure and an order confirming sale, yet neither document particularly specifies the equipment in question. If that equipment was covered, it would have to arise out of the words "improvements, machinery, equipment and materials * * *" found in the sheriff's sale documents; yet even when questioned by his own attorney, defendant could not connect to the trial court's satisfaction, the equipment purchased at the sheriff's sale in 1966 with that sold in 1974. On the basis of what the record reflects, we must agree with the judgment of the trial court.

Affirmed.

THOMAS, Justice, concurring.

I concur in the opinion of the Court with one exception. In Zweifel v. State ex rel. Brimmer, Wyo., 517 P.2d 493 (1974) this Court said in connection with the entry of a default judgment for failure to answer interrogatories, at 517 P.2d 498:

" * * * Rule 37(d), W.R.C.P., is explicit in permitting the entry of default judgment against one who fails to file answers to interrogatories or to excuse such failure. * * *"

Rule 37(d), W.R.C.P. is equally explicit with respect to the failure of a party to appear for the taking of his deposition. For me this would be a sufficient basis on which to dispose of the first issue raised by the appellant, although I question whether this issue was preserved in the record.

To the extent that the Court's opinion suggests that an abuse of discretion in granting a partial judgment as a sanction under these circumstances might be cured

by trying the issues as to which the default judgment was entered without setting aside the default judgment or notifying counsel that the issues would be tried, I cannot agree that this is or should be the law. Such an approach well could be as prejudicial to a party as an abuse of discretion in granting the partial default judgment initially. In the absence of any reason to believe that the partial default judgment was not exactly what the trial court said it was, a party quite likely would be unprepared to try the issues as to which the partial default judgment had been entered. Trying the issues in such a case would compound, not cure, the prejudice.