**Ann SCHOTT, Appellant (Plaintiff),**

v.

**Roxy CHAMBERLAIN and L.E. Chamberlain, Jr., Appellees (Defendants).**

**No. 95–251.**

Supreme Court of Wyoming.

Sept. 16, 1996.

Ann Schott, pro se.

Loyd E. Smith, Lathrop & Rutledge, Cheyenne, for Appellees (Defendants).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN,* and LEHMAN, JJ.

LEHMAN, Justice.

Appellant Ann Schott appeals an order dismissing her complaint against appellees Roxy Chamberlain and L.E. Chamberlain, Jr. for failure to prosecute and entering a default judgment against her on appellees' counterclaim.

We affirm in part, reverse in part and remand.

Appellant, appearing *pro se*, presents two issues for review:

1. Whether the trial court abused its discretion in granting a default judgment and dismissal of plaintiff's complaint.
2. Whether plaintiff had and has a meritorious claim and a meritorious defense to defendant's counterclaim.

Appellees rephrase the two issues and add a third:

1. Whether the District Court abused its discretion by denying a motion under W.R.C.P. 60(b) seeking to set aside the default judgment entered against Appellant?
2. Whether the District Court abused its discretion in denying a motion under W.R.C.P. 60(b) seeking to reinstate Appellant's Complaint which had been dismissed for failure to prosecute?
3. Whether Appellees are entitled to their costs plus attorney's fees on appeal because no good cause exists for this appeal and because Appellant has failed to supply the Supreme Court with cogent argument or a record?

### FACTS

In May 1993, appellant filed an action alleging that appellees had breached a verbal agreement between the parties. Appellees filed an answer and counterclaim asserting that it was appellant who had breached the agreement. There was little movement on

the case for more than a year. A pretrial conference was finally held on July 6, 1994, with the trial being scheduled to begin January 3, 1995. In October of 1994, appellant's attorney died, and the trial was continued until May 11, 1995, with the trial judge advising appellant to retain counsel as soon as possible.

In March 1995, appellees filed a motion to compel appellant to answer interrogatories and to produce documents requested in discovery. Appellant had answered the interrogatories and the request to produce in December 1993, but appellees claimed that appellant had done so in a deficient manner. In April 1995, appellees filed a motion for entry of default on the basis that appellant had failed to defend the action in compliance with W.R.C.P. 55(a). The district court entered an order dismissing appellant's complaint for failure to prosecute on April 12. On that same day, the clerk of court entered default against appellant.

One week later, on April 19, appellees moved for a default judgment on their counterclaim, which the district court entered the following day in the amount of $8,426.70, citing appellant's failure to comply with the rules of civil procedure. Appellant unsuccessfully attempted to have the dismissal, entry of default and default judgment set aside pursuant to W.R.C.P. 60(b). Appellant now appeals that denial.

### DISCUSSION

Appellant contends she had good cause for failure to comply with W.R.C.P. 55(a) and, consequently, the district court erred in denying her motion to set aside the dismissal of complaint and entry of default on appellees' counterclaim. Rule 55(a) provides:

> *Entry.*—When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

The trial court has discretion to impose sanctions, including dismissal or defaulting the

---

* Chief Justice at time of oral argument.

offending party. *Farrell v. Hursh Agency, Inc.,* 713 P.2d 1174, 1180 (Wyo.1986) (*citing Zweifel v. State ex rel. Brimmer,* 517 P.2d 493, 498 (Wyo.1974)). Motions to set aside entry of default are reviewed in accordance with W.R.C.P. 60(b) and are addressed to the sound discretion of the trial court. *Id.*

In this case we find no abuse of discretion in the denial of the motion to set aside either the dismissal of complaint or the entry of default on the counterclaim. Appellant failed to respond to motions for discovery requests and failed to attend a hearing on those motions. She had numerous opportunities to do so, yet she continually failed to either respond herself or hire a new attorney. Appellant cannot demonstrate good cause for her failure to respond by relying on the death of her attorney and the fact that she was then acting *pro se.* Lack of an attorney does not excuse compliance with the rules of civil procedure.

Appellant additionally contends that the district court failed to comply with W.R.C.P. 55(b)(2) when it entered default judgment against her. We agree and reverse that portion of the decision. Rule 55(b)(2) provides that when judgment by default is entered by the court against a party who has appeared in the action, that party shall be served with written notice of the application for judgment at least three days prior to a hearing on the application. In this case, appellees' application for default judgment on the counterclaim was made on April 19, 1995. Judgment was entered the very next day, on April 20. This clearly is not in compliance with the mandatory requirements of our rules and, accordingly, must be reversed. This does not mean, however, that a default judgment on the counterclaim is foreclosed. We state only that, upon remand, should appellees continue to desire to make an application, full compliance with the rules of civil procedure is requisite.

## CONCLUSION

Appellant has failed to show good cause for her failure to comply with the rules of civil procedure; consequently there was no abuse of discretion in the district court's sanctions, and they are affirmed. However, the district

court failed to comply with W.R.C.P. 55(b)(2) when judgment by default was entered and, therefore, that portion of the decision is reversed and remanded for further proceedings.