**ORETO ASSOCIATES, LTD., et al., Plaintiffs,**

v.

**OTERO SAVINGS AND LOAN ASSOCIATION, et al., Defendants.**

No. 89–C–601.

United States District Court,
D. Colorado.

Oct. 26, 1989.

John W. Cook, Colorado Springs, Colo., Richard Eason, Denver, Colo., for plaintiffs.

F. Stephen Collins, Denver, Colo., Lee Weinstein, Englewood, Colo., Frederic Conover, Denver, Colo., for defendants.

ORDER

CARRIGAN, District Judge.

On September 9, 1988, the plaintiffs, Oreto Associates, LTD., a Colorado limited partnership ("OAL"), The Schuck Corporation, OAL's sole general partner, and several individuals who are OAL's limited partners, filed this lawsuit in the District Court for El Paso, County, Colorado, against the Colorado state chartered defendants, Otero Savings and Loan Association

("Otero") and Sun Savings and Loan Association ("Sun Savings"). The parties' dispute concerns an alleged default on a line of credit note involving a real estate sale/leaseback transaction. Plaintiffs have asserted state law claims for contract reformation, breach of good faith and fair dealing, fraud, and breach of contract. This action later was consolidated with another action pending in the El Paso County District Court, *Sun Savings and Loan Association v. Oreto Associates, LTD.*, et al., Case No. 88CV6088.

On March 9, 1989, the Federal Savings and Loan Insurance Corporation ("FSLIC") was appointed sole conservator of Otero because of the latter's insolvency. Pursuant to 28 U.S.C. § 1446, 12 U.S.C. § 1730(k), and Rule 81(c), Fed.R.Civ.P., the Federal Deposit Insurance Corporation ("FDIC"), as FSLIC's managing agent, removed the instant action to federal court on April 6, 1989.

In May 1989, the plaintiffs The Schuck Corporation and Steven M. Schuck ("the Schuck plaintiffs") filed a motion to remand this suit to the District Court for El Paso County, and for costs and attorneys' fees incurred as a result of the allegedly improvident removal. Plaintiffs OAL and its limited partners have joined in the remand motion. FSLIC has responded by opposing the motion to remand.

Recently, the FDIC, as FSLIC's manager, requested permission to supplement its opposition to the remand motion with a discussion of the Financial Institutions Reform Recovery and Enforcement Act of 1989 ("FIRREA"), which became effective August 9, 1989. The Schuck plaintiffs have asked permission to file a supplemental memorandum and have requested oral argument.

The parties have fully briefed the issues and oral argument would not materially assist my decision. The Schuck plaintiffs' motion for permission to file a supplemental memorandum is granted but their request for oral argument is denied.

■ It appears undisputed that the FSLIC was appointed as the sole conservator of Otero, not for purposes of Otero's liquidation, but to operate Otero in its own name and conserve that institution's assets. In support of their remand motion, the Schuck plaintiffs argue that pursuant to 12 U.S.C. § 1730(k)(1)(B), the FSLIC may remove an action only if it is a party to that state court action at the time the removal notice is filed. The Schuck plaintiffs emphasize that although the removal notice states that the FDIC and the FSLIC were parties in the state court action, they had not moved to intervene in that suit, nor had they been substituted for, nor joined with, Otero in those proceedings prior to removal.

In response, the FSLIC asserts that on March 8, 1989, by Resolution No. 89–670, the Federal Home Loan Bank appointed it as the sole conservator for Otero. Pursuant to FSLIC's management contract with the FDIC, the FDIC is FSLIC's managing agent for the Otero institution. FSLIC took possession of Otero on March 9, 1989. The FSLIC contends that certain federal regulations indicate that it automatically became a party to the state lawsuit and that it was not required to formally intervene or be sustituted for Otero prior to removal.

The parties' dispute turns on whether a conservator must formally become a party in the state court action before removing the case to federal court under 12 U.S.C. § 1730(k)(1)(B), (C). FSLIC has cited several cases which indicate that the FDIC, as receiver or successor in interest to a failed bank, need not formally intervene in an action to be considered a party as contemplated by § 1730(k)(1). *See, e.g., North Mississippi Sav. & Loan Ass'n v. Hudspeth*, 756 F.2d 1096, 1100 (5th Cir.1985). The Schuck plaintiffs contend that these cases are inapplicable since they deal with receivers rather than conservators.

Pursuant to 12 C.F.R. § 547.7, both conservators and receivers take possession of an association according to the appointment's terms, and both take possession of the association's books, records and assets. However, a conservator "shall have all the powers of the association's members, officers, and directors;" while a receiver

"shall, without further action, succeed to the rights, titles, powers, and privileges" of the association and its members, officers, and directors. *Id.* A comparison of their respective powers reflects that the powers of a receiver are broader than those of a conservator. *Compare,* 12 C.F.R., part 548 with part 549.

However, as part of its powers and duties, a conservator may:

"(f) Under supervision of the [Federal Home Loan Bank] Board's General Counsel, institute, prosecute, maintain, defend, intervene, and otherwise participate in any legal proceeding by and against the conservator or association or in which the conservator, the association, or its creditors or members has an interest, and in every way to represent the association, its members and creditors; ..." 12 C.F.R. § 548.2(f).

In concluding that § 1730(k)(1) did not require the FDIC as receiver to formally intervene or join in an action, the Fifth Circuit Court of Appeals in *Hudspeth* stated that such a requirement would render federal pleadings overly technical. 756 F.2d at 1100. I thus do not conclude that the issue before me turns narrowly and solely on the duties and powers assigned to receivers and conservators. Rather, I must assess § 1730(k)(1)'s provisions in light of the liberal pleading requirements of federal court practice.

Since the conservator may participate in legal proceedings involving the association, it seems reasonable to conclude that a conservator, like a receiver, should not be held to strict technical pleading requirements. I thus conclude that it was not necessary for the FSLIC, after its appointment as conservator, to formally intervene or join in the state court action before it could remove that case to federal court.

■ The parties have supplemented their memoranda with arguments discussing the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). Since that Act took effect August 9, 1989, after the instant action was removed to this court, I am not persuaded that it applies to this case.

Accordingly, IT IS ORDERED that:

(1) The motion to file a supplemental memorandum filed by the plaintiffs The Schuck Corporation and Steven M. Schuck ("the Schuck plaintiffs") is granted;

(2) The Schuck plaintiffs' motion for oral argument is denied; and

(3) The Schuck plaintiffs' motion to remand, in which all other plaintiffs have joined, is denied.