918 F.2d 1476
 13 UCC Rep.Serv.2d 577
 BANK OF OKLAHOMA, N.A., GROVE BRANCH, formerly Bank of
Oklahoma Grove, Plaintiff,
v.
The ISLANDS MARINA, LTD., an Oklahoma corporation; Charles
Gary James; Patricia K. James; Bank of the Lakes of
Langley, Oklahoma; Chrysler First Wholesale Credit, Inc.;
Donzi Credit Corporation; First Oklahoma Savings Bank;
Guaranty National Bank; Robert Williams; Robert
Montgomery; First State Bank of Ketchum, Oklahoma;
Wellcraft Marine, a division of Genmar, Inc., Defendants,
and
First National Bank, and Trust Company of Vinita, Defendant-Appellee,
Jerry Courtney, Defendant-Appellant.
BANK OF OKLAHOMA, N.A., GROVE BRANCH, formerly Bank of
Oklahoma Grove, Plaintiff,
v.
The ISLANDS MARINA, LTD., an Oklahoma corporation; Charles
Gary James; Patricia K. James; Bank of the Lakes of
Langley, Oklahoma; Chrysler First Wholesale Credit, Inc.;
Donzi Credit Corporation; First Oklahoma Savings Bank;
Guaranty National Bank; Robert Williams; Robert
Montgomery; First State Bank of Ketchum, Oklahoma; Emery
Urfer; Harris-Kayot, Inc.; Wellcraft Marine, a division of
Genmar, Inc., Defendants,
and
First National Bank, and Trust Company of Vinita, Defendant-Appellee,
Jerry Courtney, Defendant-Appellant.
 Nos. 89-5143, 89-5189.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 15, 1990.
 
 David R. Frensley and Douglas E. Micheel of Frensley & Towerman, P.C., Kansas City, Mo., and Richard James of Wallace, Owens, Landers, Gee, Morrow, Wilson, Watson, James & Coiner, P.C., Miami, Okl., for defendant-appellant.
 Richard W. Lowry and Donna L. Smith of Logan, Lowry, Johnston, Switzer, West & McGeady, Vinita, Okl., for defendant-appellee.
 Before McKAY, McWILLIAMS and EBEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 This action arises from the efforts of appellee First National Bank and Trust of VinitaBV to recover proceeds paid to appellant Jerry Courtney following the sale of a boat in the inventory of Island Marina, Ltd. (Marina), in Ketchum, Oklahoma. FNBV claimed a superior interest in the inventory of the Marina. On cross motions for summary judgment, the district court held in favor of FNBV. Courtney now appeals that decision, as well as the district court's assertion of subject matter jurisdiction. We affirm.
 
 I.
 
 3
 FNBV held perfected security interests in all Marina inventory and proceeds as of April 7, 1987. The inventory and proceeds were collateral securing a $500,000 loan. In January 1988, Courtney loaned the Marina $150,000. As security, he received the manufacturer's statement of origin on a fifty-foot Meteor boat in the Marina's inventory. The Marina later sold the Meteor. The purchaser wrote a check made payable jointly to the Marina and Courtney as payment. The Marina signed the check and gave it to Courtney, who deposited it in his personal checking account.
 
 
 4
 The complex action underlying this appeal began in June 1988 when Bank of Oklahoma, N.A., filed a petition in state court claiming interests in Marina property and seeking foreclosure. That institution joined various other banks in the action, including First Oklahoma Savings Bank (FOSB). On August 31, 1988, the Federal Savings and Loan Insurance Corporation (FSLIC) was named as receiver for FOSB and became the owner of any assets it held.[1]
 
 
 5
 Two days later, Courtney was brought into the lawsuit as a result of FNBV's claim for return of the proceeds noted above. On September 30, 1988, FSLIC filed a removal petition asserting federal jurisdiction pursuant to 12 U.S.C. Sec. 1730(k)(1). There was no objection. Approximately seven months later, the court dismissed all claims against FOSB pursuant to stipulation of the parties. As a result, FSLIC was no longer involved in the lawsuit. At that time, the court requested briefing on whether to retain federal jurisdiction. With the agreement of the parties, the court determined it would retain jurisdiction of the remaining state law claims.
 
 
 6
 Courtney did not object to jurisdiction at any time prior to the court's decision on the cross motions for summary judgment. The order granting FNBV's motion issued on August 1, 1989. However, due to a disagreement regarding prejudgment interest, judgment on the order was not entered until October 12, 1989. Courtney raised the jurisdictional issue in a pretrial order filed September 15, as well as at a status conference later in the month. Because the issue of subject matter jurisdiction may be raised at any time, we will consider it here. See Kain v. Winslow Mfg., Inc., 736 F.2d 606, 609 (10th Cir.1984) (issue of subject matter jurisdiction may be raised at any time), cert. denied, 470 U.S. 1005, 105 S.Ct. 1360, 84 L.Ed.2d 381 (1985). We consider this threshold issue first.
 
 II.
 
 7
 The basis of FSLIC's jurisdiction is found in 12 U.S.C. Sec. 1730(k)(1). That statute states:(k) Jurisdiction and enforcement
 
 
 8
 (1) Notwithstanding any other provision of law, (A) the Corporation shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; (B) any civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: Provided, That any action, suit, or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States.[2] ..
 
 
 9
 (Emphasis added.) Courtney asserts that because FSLIC was never formally made a party to the litigation, the district court could not derive jurisdiction from section 1730(k)(1)(B). As a consequence, Courtney asserts FSLIC's removal was improper.
 
 
 10
 The majority of courts addressing this issue have rejected the argument that a receiver must formally intervene prior to removing the case pursuant to section 1730(k)(1)(C). See Henry v. Independent Am. Sav. Ass'n, 857 F.2d 995, 998 (5th Cir.1988); North Miss. Sav. & Loan Ass'n v. Hudspeth, 756 F.2d 1096, 1100 (5th Cir.1985), cert. denied, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986), overruled in part on other grounds, Coit Independence Joint Venture v. FSLIC, 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989); Oreto Assocs., Ltd. v. Otero Sav. & Loan Ass'n, 723 F.Supp. 559, 561 (D.Colo.1989). We agree with the majority that requiring formal substitution or joinder would render federal pleadings excessively technical and would run counter to the liberal posture espoused in Fed.R.Civ.P. 8(e)(1) and 8(f).[3] Hudspeth, 756 F.2d at 1100.
 
 
 11
 Fed.R.Civ.P. 8(f) directs that "all pleadings shall be so construed as to do substantial justice." In this case, FSLIC's removal petition can be treated as a motion to intervene. See Farina v. Mission Inv. Trust, 615 F.2d 1068, 1075 (5th Cir.1980) (it was within the discretion of the trial judge to treat removal petition as a motion to intervene pursuant to 12 U.S.C. Sec. 1819(4)). Doing so comports with both the spirit and letter of the rules of civil procedure and advances the goal of judicial economy.[4]
 
 
 12
 Review of the role of the receiver bolsters our assessment that FSLIC is contemplated as a party under the statute. Here, FSLIC owned all the assets of the failed bank. It was standing in the shoes of FOSB for all purposes. See 12 U.S.C. Sec. 1729(b)(1) (describing the functions of the receiver). We hold that under these circumstances, the FSLIC was a party contemplated under 12 U.S.C. Sec. 1730(k)(1)(B). Therefore, federal jurisdiction attached and the case was properly removed.
 
 
 13
 However, this holding does not end our analysis, as Courtney also argues that pursuant to United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the district court should have remanded the case when FSLIC was dismissed. In Gibbs, the Supreme Court held a federal court can retain jurisdiction following dismissal of all federal claims if the remaining state claims derive from the same common nucleus of operative facts and a plaintiff would ordinarily be expected to try all of them in one proceeding.[5] Id. at 725, 86 S.Ct. at 1138. Although the claim involved here is ancillary, rather than pendent, the same analysis can be applied.[6] See United States v. Zima, 766 F.2d 1153, 1157 (7th Cir.1985) (and cases cited therein). Considerations regarding whether to retain jurisdiction must also include "judicial economy, convenience, fairness and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349, 108 S.Ct. 614, 618, 98 L.Ed.2d 720 (1988). The ultimate decision rests in the discretion of the trial judge. See Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139.
 
 
 14
 Here, all the claims in the underlying action involve the Marina's inventory and claims to that inventory. The various creditors' ability to foreclose on their secured interests is dependent upon the success or failure of the other defendants in the litigation. The common nucleus of facts test is, therefore, satisfied. It was sensible, if not mandatory, for all the claimants to be joined in one action.
 
 
 15
 Moreover, judicial economy and fairness required retaining federal jurisdiction. Hundreds of pleadings involving multiple parties were filed prior to FSLIC's dismissal. Settlements were reached. Both the various parties and the court spent an enormous amount of time resolving the issues presented. Fairness, convenience, and judicial economy pointed to retaining federal jurisdiction. Therefore, we hold the district court did not abuse its discretion in retaining jurisdiction after FSLIC was dismissed. Consequently, we must review Courtney's claims on the merits.[7]
 
 III.
 
 16
 We review the granting of FNBV's motion for summary judgment in the same manner as the district court. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990). Summary judgment is appropriate where there are no genuine issues of fact and one party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).
 
 
 17
 Courtney's argument is twofold. First, he asserts the loan repayment he received did not constitute proceeds pursuant to the Oklahoma Uniform Commercial Code. As a result, he asserts FNBV had no security interest in the cash which resulted from the boat sale. Second, he argues he is free from any security interest because he was a buyer in the ordinary course of business. We review each argument in turn.
 
 
 18
 Okla.Stat. tit. 12A, Sec. 9-306 governs a secured party's right to proceeds.[8] In pertinent part, it states:
 
 
 19
 Sec. 9-306. "Proceeds"; Secured Party's Rights on Disposition of Collateral
 
 
 20
 (1) "Proceeds" includes whatever is received upon the sale, exchange, collection or other disposition of collateral or proceeds....
 
 
 21
 (2) Except where this article otherwise provides, a security interest continues in collateral, notwithstanding sale, exchange or other disposition thereof, unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor.
 
 
 22
 (3) The security interest in proceeds is a continuously perfected security interest if the interest in the original collateral was perfected, but it ceases to be a perfected security interest and becomes unperfected ten (10) days after receipt of the proceeds by the debtor unless:
 
 
 23
 (a) a filed financing statement covers the original collateral and the proceeds are collateral in which a security interest may be perfected by filing in the office or offices where the financing statement has been filed and, if the proceeds are acquired with cash proceeds, the description of collateral in the financing statement indicates the types of property constituting the proceeds; or
 
 
 24
 (b) a filed financing statement covers the original collateral and the proceeds are identifiable cash proceeds;
 
 
 25
 ....
 
 
 26
 Okla.Stat. tit. 12A, Sec. 9-306. Courtney argues this statute requires the monies involved to be received by the debtor in order to constitute proceeds under this code provision.[9] We disagree. In Oklahoma, a debtor need not receive the proceeds in order for them to be subject to the security interest. See Farmers & Merchants Nat'l Bank v. Fairview State Bank, 766 P.2d 330, 334 (Okla.1988) (party retained secured interest in proceeds even though debtor never received them directly). Moreover, these proceeds were directly traceable from the Marina to Courtney. Therefore, the security interest in the proceeds continued. See Anderson, Clayton & Co. v. First Am. Bank of Erick, 614 P.2d 1091, 1094 (Okla.1980). Consequently, Courtney's argument fails on this issue.
 
 
 27
 Courtney also asserts, however, that he is a buyer in the ordinary course of business who takes free of any security interest. See Okla.Stat. tit. 12A, Sec. 9-306, comment 2(c). Comment 2(c) to section 9-306 of the Uniform Commercial Code states that recipients of cash proceeds paid out in the ordinary course of the debtor's business take free of any security interest. A buyer in the ordinary course of business is defined as a "person who [acts] in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party...." Okla.Stat. tit. 12A, Sec. 1-201(9); See also Anderson, Clayton, 614 P.2d at 1094 (applying this definition to section 9-306 transaction).
 
 
 28
 Courtney's argument fails for several reasons. First, the loan repayment was not paid out of the debtor's checking account nor was it a payment to Courtney for services rendered in the course of the Marina business. Further, FNBV's filed financing statement should have put Courtney on notice of the perfected security interest. See Fairview, 766 P.2d at 334; see also Farmers & Merchants Nat'l Bank v. Sooner Co-op., Inc., 766 P.2d 325, 330 (Okla.1988) (filed financing statement is sufficient to put third party on inquiry notice). This constructive knowledge was enough to deny Courtney "buyer in the ordinary course" status. See Fairview, 766 P.2d at 334. It is undisputed that Courtney is a business person well versed in the business of financing and has handled many manufacturers' statements of origin. We agree with the district court that Courtney does not qualify as a transferee in the ordinary course of business as contemplated in the comments to section 9-306.
 
 
 29
 Finally, we briefly review Courtney's arguments that FNBV waived its security interest in the cash proceeds or is estopped from asserting that interest. After reviewing all the arguments and law presented, we agree with the district court that the record reveals no evidence in support of these arguments.
 
 
 30
 Consequently, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 The FSLIC was abolished following enactment of the Financial Institutions Reform Recovery and Enforcement Act of 1989. See Pub.L. No. 101-73, 103 Stat. 183 (1989). The statutes cited in this opinion are those in effect at the time these events occurred
 
 
 [2]
 The parties do not dispute that FOSB is a federally chartered institution and therefore does not fall under the restrictions set forth in section 1730(k)(1)(C)
 
 
 [3]
 Courtney's reliance on Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Four Ambassadors, 599 F.Supp. 534 (S.D.Fla.1984) is misplaced. In that case, the federal agency involved was not a receiver
 
 
 [4]
 Although FIRREA abolished 12 U.S.C. Sec. 1730(k), the new Act does preserve the language of the section. See Pub.L. No. 101-73 Sec. 501, 103 Stat. 363, 367 (1989). Therefore, the issue may arise in the future
 
 
 [5]
 This assumes the federal claim was substantial. See Carey v. Continental Airlines, Inc., 823 F.2d 1402, 1404 (10th Cir.1987). Here, FSLIC had substantial claims based on the jurisdiction derived from section 1730(k)(1)
 
 
 [6]
 Although the distinction is subtle, pendent claims are generally those brought by the original plaintiff, while ancillary claims are asserted by a defendant against a plaintiff or codefendant. See generally 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, Sec. 3523 (1984)
 
 
 [7]
 We recognize FNBV's argument that Courtney's timing in objecting to jurisdiction was somewhat curious. However, we need not reach that issue in light of our disposition. As a consequence, FNBV's motion for sanctions is denied
 
 
 [8]
 The parties do not dispute that FNBV met all the prerequisites for perfecting its security interest in the inventory and proceeds
 
 
 [9]
 We note that Courtney's opening brief cites to a previous version of the statute. In the current version, the only reference to the debtor in section 9-306(2) comes at the end of the paragraph