**FIRST NATIONAL BANK OF BETHANY, a national banking association, Plaintiff–Appellant,**

v.

**AMERICAN GENERAL FIRE AND CASUALTY COMPANY, a Texas insurance corporation, Defendant–Appellee.**

No. 89–6276.

United States Court of Appeals, Tenth Circuit.

March 12, 1991.

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Peter G. Pierce, III, Kathy G. Merveldt, of Carson, Pierce & Mueller, Oklahoma City, Okl., for plaintiff-appellant.

Edwin F. Garrison of Looney, Nichols, Johnson & Hayes, Oklahoma City, Okl., for defendant-appellee.

Before ANDERSON, TACHA and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

In this diversity action for conversion under Oklahoma law, plaintiff appeals from the district court's order denying plaintiff's motion for partial summary judgment and granting defendant's motion for summary judgment.[1] The parties stipulated to the following facts:

Plaintiff loaned Serigraphics Corporation (debtor) a sum of money. In return, debtor gave plaintiff a security interest in debtor's inventory and equipment and the proceeds therefrom. Plaintiff perfected its security interest by filing a financial statement with the appropriate county clerk.

Due to the negligence of a third party, defendant's insured, fire destroyed the collateral. Pursuant to the third party's insurance policy with defendant, defendant paid debtor for the destroyed inventory and equipment.

Plaintiff commenced this action against defendant, asserting that, because plaintiff had a secured interest in the insurance settlement as proceeds under Okla.Stat. tit.

12A, § 9-306(1), defendant, who had constructive notice of that interest through the county filing, wrongfully converted the insurance settlement in violation of plaintiff's security interest. The district court granted defendant's motion for summary judgment, determining that the insurance settlement did not become proceeds subject to plaintiff's security interest until the debtor actually received those funds. Plaintiff appeals. We reverse.

This court reviews an award of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party. *Ewing v. Amoco Oil Co.*, 823 F.2d 1432, 1437 (10th Cir.1987). Summary judgment is only appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

Under Oklahoma law,

[c]onversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein. It is not necessary to constitute a conversion that the property come into the defendant's possession wrongfully. Nor is it necessary that the alleged converter apply the property to his own use, or be in bad faith.

*Steenbergen v. First Fed. Sav. & Loan*, 753 P.2d 1330, 1332 (Okla.1987) (citations omitted).

The security agreement gave plaintiff a secured interest in the proceeds from debtor's inventory and equipment. Oklahoma Stat. tit. 12A, § 9-306(1) (Supp.1991) (effective Mar. 29, 1984) defines proceeds as

whatever is received upon the sale, exchange, collection or other disposition of collateral or proceeds. Insurance payable from any source by reason of loss or damage to the collateral is proceeds, even though such insurance payments may be made by third party tort-feasors or their insurers, except to the extent it is payable to a person other than a party to the security agreement.

---

■ Under section 9–306(1), plaintiff had a secured interest in the insurance settlement defendant paid debtor as a result of the negligence of defendant's insured. The precise issue presented by this appeal, however, is when the insurance settlement became proceeds subject to plaintiff's security interest. The district court held that the insurance settlement did not become proceeds until debtor actually received the funds.

■ The clear and unambiguous language of the Oklahoma statute, however, does not require the insured to receive the insurance settlement prior to its becoming proceeds. Rather, an insurance settlement becomes proceeds when it becomes "payable." The district court's resort to the legislative history of section 9–306(1) to determine that the insurance settlement did not become proceeds until its receipt by the debtor was improper in light of the clear and unambiguous language of the statute. *See Wilson v. Stocker,* 819 F.2d 943, 948 (10th Cir.1987); *Fuller v. Odom,* 741 P.2d 449, 452 (Okla.1987).

The insurance settlement, therefore, became proceeds, subject to plaintiff's security interest, when the settlement became "payable," prior to its receipt by debtor. *Cf. Bank of Oklahoma, N.A. v. Islands Marina, Ltd.,* 918 F.2d 1476, 1481 (10th Cir.1990) (perfected security interest in inventory and proceeds continued in proceeds from sale of inventory even though debtor did not receive the proceeds, citing *Farmers & Merchants National Bank v. Fairview State Bank,* 766 P.2d 330, 334 (Okla. 1988)). Further, the perfection of plaintiff's security interest gave notice "to parties whose interests may be affected." *First State Bank v. United Dollar Stores,* 571 P.2d 444, 447 (Okla.1977). Defendant's transfer of these funds to debtor, therefore, contrary to plaintiff's perfected security interest, of which defendant had constructive notice, amounted to a conversion. *See First Nat'l Bank v. Merchant's Mut. Ins. Co.,* 89 Misc.2d 771, 392 N.Y.S.2d 836, 838 (N.Y.Sup.1977) (applying New York law), *aff'd,* 65 A.D.2d 59, 410 N.Y.S.2d 679 (1978), *rev'd on other grounds,* 49 N.Y.2d 725, 426 N.Y.S.2d 267, 402 N.E.2d 1168 (1980).

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the cause is REMANDED with instructions to enter partial summary judgment in favor of plaintiff and for further proceedings consistent with this opinion.