669 So.2d 619 (1996)
GENERAL MOTORS ACCEPTANCE CORP., Plaintiff-Appellee,
v.
WAUSAU INSURANCE COMPANIES, KSLA TV and/or Viacom, Inc. and/or VSC Communications and Eric Moore, Defendants-Appellants.
No. 27989-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1996.
*620 Robert W. Raley, Bossier City, for Defendant-Appellant, Eric Moore.
Mayer, Smith & Roberts by Richard G. Barham, Shreveport, for Defendants-Appellants, Employers, Inc., et al.
Burnett, Walker & Baker by Glenn E. Walker, Shreveport, for Plaintiff-Appellee, General Motors.
Before MARVIN, STEWART and GASKINS, JJ.
STEWART, Judge.
This is an appeal taken by defendant, Eric Moore, from summary judgment in favor of plaintiff, General Motors Acceptance Corporation (GMAC), entitling it to insurance proceeds tendered by Wausau Insurance Companies (Wausau) and made payable to both Moore and GMAC. For the following reasons, we affirm.

FACTS
On or about March 13, 1992, Eric Moore purchased a 1992 Pontiac Firebird automobile and financed a portion of the price. GMAC was the lender and acquired a properly perfected security interest therein.
On July 21, 1992, Moore filed for bankruptcy under Chapter 7. He opted not to reaffirm the debt owed to GMAC but continued making timely periodic payments on the obligation. On January 26, 1993, he was discharged from any personal liability to GMAC and, on February 26, 1993, the bankruptcy case was closed.
On March 14, 1993, the 1992 Pontiac Firebird was totally destroyed in a vehicular collision with another vehicle driven by an employee of KSLA TV/Viacom Communications (Viacom), which was insured by Wausau. Wausau acknowledged liability and, on April 23, 1993, tendered to Moore draft # 35745612, dated March 14, 1993, for the sum of $11,200. The draft was jointly payable to Moore and GMAC.
A disagreement arose regarding entitlement to the proceeds. At the time of the accident, the balance due GMAC under the retail installment agreement, notwithstanding Mr. Moore's discharge from personal liability and bankruptcy, was $19,418. GMAC took the position that it was entitled to the entirety of the Wausau insurance proceeds. Mr. Moore refused to endorse the draft issued by Wausau and refused to allow GMAC to recover any of the proceeds.
This litigation followed.

DISCUSSION
Summary judgments are reviewed on appeal de novo and, thus, the appellate court asks the same questions as does the trial court in determining whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La. 7/5/94), *621 639 So.2d 730. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
In the instant case, appellant seeks to have the summary judgment granted by the trial court reversed and judgment entered decreeing that, as a matter of law, GMAC has no security interest in appellant's claim against Viacom or its insurer, Wausau, or in any portion of the settlement of that claim. Appellant and appellee acknowledge there is no genuine issue of material fact. The mover's supporting documents are sufficient to resolve all material factual issues. Therefore, the only issue we address is whether, as a matter of law, GMAC is entitled to the Wausau insurance proceeds in question and, thus, to judgment in its favor.
Appellant contends that LSA-R.S. 10:9-306(1) limits GMAC's security interest to insurance proceeds payable merely by reason of loss or damage standing alone and that the draft tendered by Wausau represents settlement of a tort claim pursuant to LSA-C.C. art. 2315 and is not within the purview of LSA-R.S. 10:9-306(1). He complains that insurance "proceeds" as defined by the statute do not include property damage paid by a tortfeasor's liability insurer. We disagree.
The relevant provisions of the retail installment agreement between GMAC and appellant provide:
Security Interest. You give the Vendor a security interest in ... (4) any proceeds of insurance policies or service contracts on the vehicle ... This secures payment of all amounts you owe in this contract ...
* * * * * *
Required Physical Damage Insurance.... If the vehicle is lost or damaged, you agree that the Vendor can use any insurance settlement either to repair the vehicle or to apply to your debt.
* * * * * *
This contract shall be governed by the laws of the State of Louisiana ...
* * * * * *
LSA-R.S. 10:9-203(3) provides that, unless otherwise agreed, a security agreement gives the secured party the rights to proceeds as defined by LSA-R.S. 10:9-306. A "security agreement" is one which creates or provides for a security interest. A "secured party" includes a lender in whose favor there is a security interest, including, where the context so requires, a consignor or a person to whom accounts or chattel paper have been sold. LSA-R.S. 10:9-105(1)(l) and 9-105(1)(m).
In the present case, the retail installment contract between Moore and GMAC provides for a security interest in favor of GMAC. Pursuant to LSA-R.S. 10:9-203(3), the contract gives GMAC the rights to proceeds as defined by LSA-R.S. 10:9-306. "Proceeds" include "insurance payable by reason of loss or damage to the collateral ... except to the extent that it is payable to a person other than a party to the security agreement." LSA-R.S. 10:9-306(1). The statute does not exclude insurance proceeds paid by a third-party tortfeasor or his liability insurer due to loss or damage to the collateral.
Here, the Wausau draft itself states the sum tendered is "for total loss to a 92 Firebird." The evidence supports a finding that the draft, issued to pay for property damage to the vehicle owned by Moore and secured by GMAC, represents "insurance payable by reason of loss or damage to the collateral." The proceeds fall directly within the purview of LSA-R.S. 10:9-306. Therefore, we conclude GMAC has a security interest in the proceeds represented by the Wausau draft and is thus entitled to them.
Appellant cites and relies upon In re Boyd, 658 P.2d 470 (Ok.1993) for the proposition that a lien giving a creditor the right to payment of insurance by reason of loss or damage to the collateral would not reach a debtor's claim against a third-party tort defendant. We decline to follow the holding or reasoning of Boyd because it was decided prior to the adoption of amended 9-306, which is similar to our statute. However, we *622 approve of and follow the other cases cited by GMAC. See First National Bank of Bethany v. American General Fire and Casualty Company, 927 F.2d 1126 (10th Cir.1991); and In re Territo, 32 B.R. 377 (E.D.N.Y. 1983).
Appellant then argues that, if we determine the relevant statutes grant GMAC a security interest in the Wausau draft, then the clear language of the security agreement between GMAC and appellant reflects that the parties "otherwise agreed" pursuant to LSA-R.S. 10:9-203(3) that the security interest would be limited to the proceeds of insurance on the collateral, which the proceeds at issue are not.
We find no language in the security agreement reflecting that GMAC "otherwise agreed" to limit their security interest pursuant to LSA-R.S. 10:9-203(3). In fact, the contract specifically states it is governed by the laws of Louisiana, which include the statutory provisions discussed herein, and that GMAC can use "any insurance settlement to repair the vehicle or apply to the debt." Appellant correctly acknowledges that the contractual language in the agreement is clear and unambiguous, albeit, we conclude, not in his favor.
Reasonable minds must inevitably conclude that the mover, GMAC, is entitled to judgment on the facts before this court and, therefore, summary judgment may be granted. See Smith v. Our Lady of the Lake Hosp., Inc., supra. Accordingly, we affirm the judgment of the trial court at appellant's cost.
AFFIRMED.